UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6

| Case No. | CV 13-5569 ABC (MANx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Benjamin Lara, Jr., et al. v. CBS Corp., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER Granting Plaintiffs' Motion to Remand (In Chambers)

    Pending before the Court is Plaintiffs' Motion to Immediately Remand Plaintiffs' Living-Mesothelioma Case to California Superior Court, filed on August 19, 2013.  (Docket No. 26.)  Defendant Rockwell Automation, Inc. opposed on August 26 and Plaintiffs replied on August 30.  (Docket Nos. 31, 39.)  The Court finds the matter appropriate for resolution without oral argument and **VACATES** the September 16 hearing date.  Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons below, Plaintiffs' motion to remand is **GRANTED**.

**I. BACKGROUND**

    On July 9, 2013, Plaintiffs filed their personal injury complaint in Los Angeles Superior Court against a number of Defendants, including Rockwell, on the basis that Defendants exposed Plaintiff Benjamin Lara, Jr. to asbestos, which caused his mesothelioma.  See generally Compl.  Although Plaintiffs allege that the substantial majority of Mr. Lara's asbestos exposures occurred at non-military-related worksites, the complaint also alleges that Mr. Lara was exposed to asbestos while working as an electrician in the United States Navy from 1963 to 1965 aboard the *USS Klondike* and *USS Mataco*.  Id. at 4:23-5:6.

    On August 1, 2013, Rockwell removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  (Docket No. 1. )  Plaintiffs move to remand on the grounds that "Rockwell does not and cannot assert a colorable government-contractor defense in this action because **plaintiffs waive all claims against Rockwell stemming from Mr. Lara's asbestos exposure from any federal government job site, and aboard Navy ships or any other military vessel**."  (Mem. at 1, emphasis in original.)

**II. DISCUSSION**

    The federal officer removal statute provides that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office."  28 U.S.C. § 1442(a)(1).  Removal is proper under the statute if the defendant: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 13-5569 ABC (MANx) | Date | September 6, 2013 |
| Title | Benjamin Lara, Jr., et al. v. CBS Corp., et al. | | |

plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal office. Mesa v. California, 489 U.S. 121, 124-25 (1989). The federal defense of military contractor immunity provides, "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988).

    **A.    Plaintiffs' Waiver Divests the Court of Subject Matter Jurisdiction**

In this case, Plaintiffs have waived "all claims against Rockwell stemming from Mr. Lara's asbestos exposure from any federal government job site, and aboard Navy ships or any other military vessel." (Mem. at 1.) The Court rejects Rockwell's argument that the waiver in Plaintiffs' moving papers is invalid because "the Complaint has not been amended and allegations remain that Mr. Lara was exposed to Rockwell products during his time in the Navy." (Opp. at 3.) The form of plaintiffs' post-removal waiver does not undercut its effectiveness. Lockwood v. Crane Co., No. 2:12-cv-01473-JHN-CW, 2012 WL 1425157, at *1 (C.D. Cal. Apr. 25, 2012) (plaintiff's "Notice of Waiver of Claims" filed shortly after removal sufficient to justify remand); Powers v. Allis-Chalmers Corp. Prod. Liab. Trust, No. 10-01921 CW, 2010 WL 2898287, at *1-2 (N.D. Cal. July 21, 2010) (waiver in signed declaration sent to Rockwell provided basis for granting motion to remand).

The Court agrees with the several district courts that have found the substance of similar waivers in asbestos cases sufficient to justify remand. Lockwood, 2012 WL 1425157, at *1 (plaintiff waived "any claims against defendant . . . relating to or arising out of plaintiff's asbestos exposure at military and federal government jobsites or from U.S. military or other government vessels"); Pratt v. Asbestos Corp. Ltd., No. C-11-3505 EMC, 2011 WL 4433724, at *1 (N.D. Cal. Sept. 22, 2011) (plaintiff waived "all claims against [defendant] relating to any exposure that occurred at government sites and on Navy vessels"); Westbrook v. Asbestos Defendants, No. C-01-1661 VRW, 2001 WL 902642, at *3 (N.D. Cal. July 31, 2001) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand."). If Plaintiffs attempt to reverse course in state court despite the express waiver, Rockwell can remove once again.

    **B.    Rockwell's Proposition 51 Arguments Do Not Justify Removal**

Rockwell argues that the waiver does not warrant remand because it may need to assert the government-contractor defense against co-defendants pursuant to Proposition 51, California's comparative fault scheme. Cal. Civ. Code § 1431.2; Opp. at 4-5. But that is not how Proposition 51 or the removal statute operate. Under Proposition 51, "[e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Id. § 1431.2(a). In asbestos cases, state courts can and do allocate fault to entities immune from liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 13-5569 ABC (MANx) | Date | September 6, 2013 |
| Title | Benjamin Lara, Jr., et al. v. CBS Corp., et al. | | |

under Proposition 51. Taylor v. Crane, 113 Cal. App. 4th 1063, 1071 (2003) (affirming trial court's allocation of fault to Navy for purposes of calculating defendant's proportionate share of non-economic damages despite Navy's immunity from liability); Collins v. Plant Insulation Co., 185 Cal. App. 4th 260, (2010) (reversing and remanding for retrial because, despite Navy's immunity from liability for plaintiffs' asbestos claims, "the trial court erred in excluding the Navy from the list of entities as to which the jury could apportion fault pursuant to Proposition 51").

Moreover, the removal statute requires the defendant to raises a colorable federal "defense" to a "claim." See Mesa v. California, 489 U.S. at 124-25. "The mere fact that a party bears a burden does not necessarily mean that such burden is a 'claim' against which a co-defendant 'defends.'" Brewster v. A.W. Chesterton Co., No. C 07-01688 WHA, 2007 WL 1056774, at *1, 3 (N.D. Cal. Apr. 6, 2007) (granting plaintiffs' motion to remand where complaint "explicitly excluded any claims against defendant GE arising from asbestos exposure from equipment GE supplied to the United States military"). Rockwell cites no authority for the proposition that co-defendants seeking to allocate liability to each other are, under Proposition 51, automatically aligned as cross-claimants and cross-defendants. See id. at *3. As such, Rockwell has failed to satisfy its burden of demonstrating the propriety of removal.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. The matter is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | AB |